**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X   Case No. 21-41642-ESS

OLMEDO PALAGUACHI

                           Debtor

-----------------------------------------------------------X

**NOTICE OF MOTION TO STRIKE PHH MORTGAGE CORPORATION'S PROOF OF CLAIM 3-1**

      PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, dated April 10, 2022 by counsel for the debtor, and all exhibits and attachments thereto, the debtor, Olmedo Palaguachi hereby moves the United States Bankruptcy Court, before the Honorable Elizabeth S. Stong, United States Bankruptcy Court Judge, at 271-C Cadman Plaza, Courtroom 1595, Brooklyn, New York 11201, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, section 502 of Bankruptcy Code, for an order striking claim of PHH Mortgage Corporation (PHH)'s Proof of Claim (Claim 3-1) of $133877.96 as barred by statute of limitation and lack of standing and granting such relief in his favor and against PHH any such further relief this Court deems just and proper.

 A hearing has been scheduled regarding the foregoing requisitioned relief before the said Court on May 24, 2022, at 10:30 am. All responses be filed at least seven days (7) in advance of the scheduled hearing.

Dated: April 10, 2022
New York New York

                                                                                                     /s/*karamvirdahiya*
                                                                                                   Karamvir Dahiya
                                                                          Dahiya Law Offices, LLC
                                                                        75 Maiden Lane Suite 606
                                                                           New York New York
                                                                               Tel: 212 766 8000
                                                           Email: Karam@dahiya.law

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X   Case No. 21-41642-ESS

OLMEDO PALAGUACHI

                       Debtor

----------------------------------------------------------X

**Affirmation in support of Motion to Strike the Claim of PHH Mortgage Corporation**

The debtor Olmedo Palaguachi through the undersigned counsel respectfully submit the following for striking claim of PHH Mortgage Corporation.

1. On June 30, 2021, the PHH Mortgage Corporation (PHH) filed "secured claim" a Proof of Claim (POC) $133,877.96 (POC) with the claim register, marked as claim no. 3-1.

2. The deadline to file the claim was September 1, 2021, the claim filed with the Court is timely however it is not collectible, for it is time "The trustee normally bears the burden of investigating claims and pointing out that a claim is stale." *Midland Funding, LLC v. Johnson,* 137 S. Ct. 1407, 1414, 197 L. Ed. 2d 790 (2017). But in our district, it is the debtor's attorney that bears the responsibility. PHH filing the POC violates rule 9011.

3. The POC is stale. This claim is not enforceable against the Debtor. It is time barred-- "an action upon a contractual obligation or liability" must be commenced within six years. N.Y. C.P.L.R. § 213(2).

4. PHH claim is a surprise to the Debtor. PHH filed document a mortgage [Not a Note] reflects a date of June 2, 2006. The Debtor filed bankruptcy on June 23, 2021. No payment was ever made on this debt. Once the bankruptcy was filed, the undersigned was contacted by LCS Financial Services Corporation on this debt and we requested them to send us the information on this loan, as we were surprised as the Debtor does not recall ever receiving an letter or a call

regarding this loan. LCS incorporate the letters as part of filed POC. It is telling—it says "Total Amount Paid to Date: $0.00." Ex. A. POC. As of August 2021, the unpaid amount was zero on a loan from 2006. It has now been 16 years.

5. The POC is unenforceable, for the New York state statute does not permit such a tardy claim. *See* N.Y. C.P.L.R. § 213

> ("[A]n action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" shall "be commenced within six years."). Typically, the statute "begins to run from the due date for each unpaid installment." *Plaia* v. *Safonte*, 45 A.D.3d 747, 847 N.Y.S.2d 101, 102 (2d Dep't 2007). "[E]ven if a mortgage is payable in installments," however, "once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt." *EMC Mortg. Corp.* v. *Patella*, 279 A.D.2d 604, 720 N.Y.S.2d 161, 162 (2d Dep't 2001) (internal citations omitted); *id.* ("[O]nce a mortgage debt is accelerated, 'the borrowers' right and obligation to make monthly installments cease[s] and all sums [become] immediately due and payable', and the six-year [s]tatute of [l]imitations begins to run on the entire mortgage debt." (quoting *Federal Natl. Mortg. Ass'n* v. *Mebane*, 208 A.D.2d 892, 618 N.Y.S.2d 88, 90 (2d Dep't 1994))).

*Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1,* 247 F. Supp. 3d 329, 340 (S.D.N.Y. 2017). We did not witness either a foreclosure of the property and or any action to collect on the note. This POC should be disallowed and expunged from the claim registry. <u>In re Hess</u>, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009).

6. A Proof of Claim must comply with rule 3001. FRBP 3001. ECP's claim did not. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 3001(f). However, in case where the debtor is an individual (as here), "in addition to the principal amount of a debt – interest, fees, expenses, or other charges, the proof of claim must be accompanied by a statement itemizing these additional amounts with sufficient specificity to make clear the basis for the claimed amount." Note on

3

Advisory Committee on Rule 1991 Amendment. There is no note here. Where the claim is based on a written instrument, "the original or a duplicate [of the writing] shall be filed with the proof of claim." Fed. R. Bankr.P. 3001(c). We do not see any Note here. This POC does not enjoy the privilege of presumptiveness of the prima facie evidence of the claims' validity. "Section (c)(1) requires that, if the claim is based on a writing, that writing must be attached, or the circumstances of its unavailability must be explained." *In re Benyamin,* 587 B.R. 243, 249 (Bankr. S.D.N.Y.2018)(expunging claim), on *reconsideration,* 596 B.R. 789 (Bankr. S.D.N.Y. 2019), aff'd, No. 17-12677-MG, 2020 WL 2832815 (S.D.N.Y. June 1, 2020) (*quoting In re Gorman*, 495 B.R. 823, 831 (Bankr. E.D. Tenn. 2013). "In certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence ... because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." *In re Benyamin* at 252–53 (Bankr. S.D.N.Y. 2018) (quoting *In re Minbatiwalla,* 424 B.R. 104 (Bankr. S.D.N.Y. 2010). What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Vanston Bondholders Protective Comm. v. Green, 3*29 U.S. 156, 161 (1946).

7.     The POC is not filed by the party in interest. The mortgage states that lender is Fremont Investment & Loan. LCS, the filer of the Claim states that PHH aka Cowen Loan Servicing LLC, (successor in interest to Litton Loan Servicing). However, that is not Fremont Investment. Also, the mortgage must have a note to have a claim enforceable. There is no note here. "Under New York law, a plaintiff has standing to commence a mortgage foreclosure action where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. Foreclosure of a mortgage may not be brought by one who has no

title to it and absent transfer of the debt, the assignment of the mortgage is a nullity." In re Lippold, 457 B.R. 293, 296–97 (Bankr. S.D.N.Y. 2011). Indeed, "Despite the Bankruptcy Code's broad definition of a "claim," [PHH][] "has not demonstrated its right to payment' because ... it lacks the ability to seek the state law remedy of foreclosure." Id citing Johnson *v. Home State Bank,* 501 U.S. 78, 81, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)). No doubt, "a note or mortgage assignee must demonstrate rights to proceed *under state law* as against the property at issue to have bankruptcy standing." *In re Lippold* at 297. Even the mortgage filed seems defective.

8.      PHH fails to meet its burden, but in light of the fact that the claim is very stale, it should be expunged. Stale claims are cavalierly filed, especially since 2017, when the Supreme Court said that stale claims might not give rise to FDCPA claims, Midland Funding, LLC v. Johnson, 137 S. Ct. 1407 (2017. However, the sword of Rule 11 remains. We would like to share exasperation of Chief Judge Robert E Grant of bankruptcy court, Indiana regarding stale claim:

> Debtors' statute of limitations defense to both claims was blindingly obvious. It does not take a rocket scientist to figure out that December1998 (the Jefferson Capital claim charge off date) or May 2001 (the Resurgent/LVNV claim charge off date) are well beyond six years before the March 2014 date the debtors filed this case. A third grader could do the math. Moreover, coming to the conclusion that the claims might be time-barred did not require either claimant to look beyond the information it already possessed. *See, Leeds Bldg. Products,* 181 B.R. at 1010 (defense is obvious when it needs no discovery to establish); *Excello Press,* 967 F.2d at 1113–15 (reasonable pre-filing investigation into defenses does not require pre-filing discovery of information beyond filer's control). They provided it themselves when they completed the required claim form, before it was ever filed. Under these circumstances, neither filer could proceed further without doing something to inquire into that defense.

*Matter of Sekema,* 523 B.R. 651, 654 (Bankr. N.D. Ind. 2015). Here too, LCS, the filer of the claim has clear clue that no money was ever paid on that loan—staleness was "emblazoned" on the document (as late judge Hon Jerome Feller would put it).

5

Wherefore, it is respectfully requested that the PHH claim 3-1 be expunged from the claim registry and it be disallowed.

Dated: New York New York
April 10, 2022

/s/*karamvirdahiya*
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000

6